UNITED STATES of America,
Plaintiff,

v.

Tomas SALINAS–RUIZ, Defendant.

No. CR–05–2139–EFS.

United States District Court,
E.D. Washington.

Feb. 20, 2008.

Shawn Nicholas Anderson, U.S. Attorney's Office – YAK, Yakima, WA, for Plaintiff.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND DENYING AS MOOT THE OTHER PRETRIAL MOTIONS

EDWARD F. SHEA, District Judge.

A Pretrial Conference was held in the above-captioned matter on February 13, 2008. Defendant Tomas Salinas–Ruiz was present, represented by Kraig Gardner. Assistant United States Attorney Shawn Anderson appeared on behalf of the Government. Before the Court were Defendant's Motion to Dismiss the Indictment (Ct.Rec.36), Motion for Discovery (Ct. Rec.29), Motion to Disclose Evidence Pursuant to Fed.R.Evid. 404 & 609 (Ct. Rec.31), and Motion to Compel Grand Jury Transcripts (Ct.Rec.33). After reviewing the submitted material and applicable authority and hearing from counsel, the Court was fully informed. This Order serves to supplement and memorialize the Court's denial of Defendant's motions.

### A. Defendant's Motion to Dismiss the Indictment

██ Defendant asks the Court to dismiss the Indictment because it fails to allege that Defendant violated 8 U.S.C. § 1326(b) and, therefore, it is insufficient to support an offense with a twenty-year maximum imprisonment. For the reasons given below, the Court finds the Indictment is sufficient.

██ An indictment must contain:

a sufficient description of the charges against [the defendant] to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge.

*United States v. Cecil,* 608 F.2d 1294, 1296 (9th Cir.1979) (citing *Russell v. United States,* 369 U.S. at 763, 768 n. 15, 82 S.Ct. 1038 (1962)). At a minimum then, the indictment must set forth the elements of the offense charged and a statement of the facts and circumstances describing the charged specific offense. *Cecil,* 608 F.2d at 1296.

Here, the Indictment caption and text charges Defendant with violating 8 U.S.C. § 1326. Section 1326(a) criminalizes a previously-deported alien's reentry into the United States without the express permission of the U.S. Attorney General. If convicted, the alien faces a maximum statutory penalty of two years imprisonment. However, if the prior removal was subsequent to a conviction listed in § 1326(b), then the alien faces a maximum statutory penalty of twenty years imprisonment.

Defendant argues that, in order for the Government to seek the twenty-year enhancement under § 1326(b), the Indictment must specifically include the date and name of the prior conviction for which Defendant was deported because any fact

that increases a defendant's sentence above the statutory maximum must be established by a jury beyond a reasonable doubt. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government maintains the Indictment is sufficient to charge a § 1326(b) twenty-year statutory maximum imprisonment because the Court has the authority to make factual findings regarding prior convictions at sentencing and, therefore, the prior conviction is not a fact that must be charged in the Indictment and found by a jury.

The Ninth Circuit has previously ruled on this issue and determined that a district court is allowed to "enhance a sentence under § 1326(b) based on a prior conviction even if the fact of conviction was not charged in the indictment, submitted to a jury or proved beyond a reasonable doubt." *United States v. Narvaez–Gomez,* 489 F.3d 970, 977 (9th Cir.2007) (citing *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). In addition, the Ninth Circuit's precedent specifically precludes arguments that recent Supreme Court decisions have overruled *Almendarez–Torres.* *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1096–97 (9th Cir.2006) (citing Ninth Circuit cases that rejected this argument).

 Defendant relies upon the introductory language in *United States v. Salazar–Lopez,* 506 F.3d 748 (9th Cir.2007). The Court concludes, however, the opinion's introductory conjunctive language relied upon by Defendant is contradicted not only by prior Ninth Circuit case law, but also by the analysis within the *Salazar–Lopez* opinion itself. Therefore, the Court concludes *Salazar–Lopez* does not require an indictment to list both the date of removal

*and* the fact that defendant was removed after a conviction; rather, an indictment is sufficient if it includes the date of removal *or* the fact that Defendant was removed after a § 1326(b) listed conviction.[1] Here, the Indictment adequately lists the elements of the offense charged and contains a statement of facts, which includes the prior deportation date and location, thereby informing Defendant of the specific offense with which he is charged, 8 U.S.C. § 1326. (Ct.Rec.1.) At sentencing, the Court may determine whether Defendant has a prior § 1326(b)-listed conviction subjecting Defendant to the twenty-year statutory maximum imprisonment sentence. Accordingly, Defendant's motion to dismiss is denied.

### B. Other Pretrial Motions

Following the Court's denial of Defendant's dismissal motion, Defendant entered a guilty plea. Accordingly, Defendant's other pretrial motions are denied as moot.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss the Indictment (**Ct.Rec.36**) is **DENIED.**

2. Defendant's Motion for Discovery (**Ct.Rec.29**) is **DENIED AS MOOT.**

3. Defendant's Motion to Disclose Evidence Pursuant to Fed.R.Evid. 404 & 609 (**Ct.Rec.31**) is **DENIED AS MOOT.**

4. Defendant's Motion to Compel Grand Jury Transcripts (**Ct.Rec.33**) is **DENIED AS MOOT.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel.

---

1. A recent Ninth Circuit case, *United States v. Calderon–Segura,* 512 F.3d 1104 (9th Cir. 2008), reaffirms that an indictment need only allege either the date of prior removal *or* that it occurred after a qualifying prior conviction in order to avoid *Apprendi* error.